# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDGAR D. LEE<br>9807 Croom Road<br>Accokeek, MD 20772<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WILBUR L. ROSS, Secretary<br>U.S. Department of Commerce<br>1401 Constitution Ave, NW<br>Washington, DC 20230<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Edgar Lee ("Plaintiff" or "Mr. Lee"), by and through his attorneys at the Clark Law Group, PLLC, files this action, following exhaustion of his administrative remedies, and alleges as follows:

## NATURE OF ACTION

1. This is a challenge to the Department of Commerce's ("Defendant" or "the Agency") unlawful discrimination on the bases of sex, disability, and retaliation against Plaintiff for protected activity, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.,* and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 701, *et seq.* ("Rehab Act").

2. To remedy the Defendant's discriminatory conduct as well as Plaintiff's termination, Plaintiff seeks back pay, front pay, compensatory damages, attorneys' fees and costs,

injunctive relief, punitive damages, and other equitable relief this Court deems appropriate.

## JURISDICTION AND VENUE

3. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

4. The United States District Court for the District of Columbia (the "Court") has subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

5. The Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 2000e-5(f) as this matter involves a civil action by an aggrieved person under Title VII.

6. The Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 12117(a) and 29 U.S.C. § 794a(a), as this matter involves a civil action by an aggrieved person under the ADA and Rehab Act.

7. The Court has personal jurisdiction over Defendant because Defendant's principal place of business is located within the District of Columbia.

8. Venue is properly laid in the District of Columbia pursuant to 42 U.S.C. § 2000e-5(f)(3) because the Defendant's unlawful employment actions occurred in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. On December 8, 2017, Plaintiff filed a formal complaint of discrimination based on sex and disability, and retaliation, with the Equal Employment Opportunity Commission

("EEOC"). Plaintiff requested a final decision by the EEOC rather than a hearing before an Administrative Judge.

11. On June 18, 2018, the United States Department of Commerce issued a Final Agency Decision Without a Hearing (FAD).

12. The FAD was served by mail upon Plaintiff on June 20, 2018, which Plaintiff received within 5 days of the mailing date.

13. Plaintiff has filed this Complaint within ninety (90) days after June 20, 2018 when the Agency mailed the FAD.

14. Accordingly, Plaintiff has administratively exhausted all procedural requirements under Title VII and the ADA and timely filed her claim against Defendant.

15. The Rehab Act has no exhaustion requirements.

## **PARTIES**

16. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

17. Plaintiff is a resident of Maryland and former employee of the Agency.

18. Plaintiff is male.

19. Plaintiff is disabled, suffering from post-traumatic stress disorder and chronic bronchiectasis.

20. Plaintiff is an honorably-discharged retired Marine veteran.

21. Defendant is the Secretary of the Department of Commerce and is the head of the Agency. The Agency has more than 500 employees.

22. Defendant's principal place of business is located in the District of Columbia

## FACTS

23. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

### Plaintiff's Prior EEO Activity

24. Mr. Lee was employed as a Hazardous Waste/Materials Facilities Assistant with the Office of Facilities and Environmental Quality (OFEQ), which is part of the Office of the Secretary (OS), from January, 2000, to November, 2008. He retired as 100 percent disabled.

25. Mr. Lee filed an EEO complaint against the Agency in 2013 alleging discrimination on the basis of race, disability and reprisal for a 2008 EEO complaint alleging failure to accommodate his disability, which the parties settled in 2012.

26. Mr. Lee filed an EEO complaint against the Agency in 2015 alleging discrimination against Ms. Hackley because she chose female subordinates to fill an open position for administrative specialists.

27. Mr. Lee 's complaint specifically alleged that he applied for a vacancy within OFEQ and made the non-competitive Certification List, but was not hired when Rhonda Hackley, former Senior Management Advisor for OFEQ, improperly hired a female, nondisabled subordinate instead, improperly using the Special Hiring Authority.

### Adkins and Baker's Prior Relationship

28. Carol Baker is currently a Management Program Analyst for OFEQ. Prior to this position, she was a contract employee working at OFEQ.

29. Byron Adkins, Director of OFEQ, is personal friends with Ms. Baker, with a relationship that includes socializing beyond the workplace. Mr. Adkins and Ms. Baker met while

      working in a previous office at the Department of Defense. Both Mr. Adkins and Ms. Baker attend the same church, and Ms. Baker is personal friends with Mr. Adkins' wife.

30. Mr. Adkins and Ms. Baker spoke frequently in Mr. Adkins' office on topics outside of the scope of her work.

31. While working as a contractor, Mr. Adkins allowed Ms. Baker to attend training classes and meetings that were otherwise reserved only for Federal employees.

### Plaintiff's Request to Apply to Agency Positions

32. On October 19, 2017, Mr. Lee emailed Charles Clark, Acting Director, Office of Human Capital Strategy and Veteran Employment Program Manager, inquiring about any Management Program Analyst positions that were to be announced, or had been announced within the past two weeks. Mr. Lee expressed a desire to be considered for such positions, for which he was qualified.

33. On October 25, 2017, Mr. Clark read Mr. Lee's email expressing his desire to apply for positions at the Agency.

34. On December 5, 2017, Mr. Clark responded to Mr. Lee's email, providing general information regarding applying to positions at the Agency.

35. On December 5, 2017, Mr. Lee replied to Mr. Clark's response email. Mr. Lee expressed concern regarding the personal relationship of Mr. Adkins and Ms. Baker, as well as concern about the process used to hire Ms. Baker to her current position.

### Denial of Opportunity to Compete for Position

36. On or before October, 2017, Juan Logan left his position as a Management Program Analyst for the OFEQ. The position was never posted or made available to any outside applicants.

37. Mr. Clark and Ms. Hackley were assigned to fill the newly vacant Analyst position.

38. Mr. Adkins contacted both Mr. Clark and Ms. Hackley and stated that he wished for the Agency to hire Ms. Baker to the Analyst position.

39. On October 10, 2017, at a leadership staff meeting, Ms. Hackley stated that the replacement of the Analyst position had been selected.

40. On October 16, 2017, Ms. Baker submitted her resume to Mr. Clark. On the same day, Ms. Baber was hired by Ms. Hackley, with approval from Mr. Clark.

41. Mr. Clark hired Ms. Baker to the Management Program Analyst position through a non-competitive hiring process.

42. Mr. Clark justified the non-competitive process by using a special hiring authority reserved for easing the ability for Federal agencies to hire veterans into Federal jobs.

43. However, Ms. Baker did not produce any paperwork demonstrating that she was a veteran or disabled.

44. Mr. Lee was denied the opportunity to apply for the Management Program Analyst position because the position was given to the preselected Ms. Baker, as arranged by her close personal friend, Mr. Adkins.

**COUNT I: DISCRIMINATION BECASE OF GENDER**

45. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

46. Plaintiff is a male whose personnel records demonstrate that he is a retired veteran.

47. On information, Ms. Baker is a female whose personnel records do not demonstrate that she is a retired veteran, as such documentation was not produced during the Agency's investigation of Plaintiff's EEO claim.

48. Plaintiff was not provided the same opportunity to compete for the available position as was afforded to other, similarly situated female employees, even though the Agency represented that the selection was made under its Special Hiring Authority, which is designed to promote veterans.

49. Ms. Baker, a similarly situated female employee was provided the advantageous employment opportunity denied to Plaintiff and hired under the Special Hiring Authority.

50. Defendant intentionally discriminated against Plaintiff because of his gender by denying him the opportunity to compete for the available position and instead using the Special Hiring Authority to hire female employees who did not present documentation of their veteran status.

51. Defendant knew that its actions constituted unlawful discrimination on the basis of gender and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

52. Defendant's actions create an inference of discrimination against Plaintiff, which violates Title VII.

## COUNT II: DISCRIMINATION BECAUSE OF DISABILITY

53. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

54. Plaintiff is disabled. Plaintiff suffers from post-traumatic stress disorder and chronic bronchiectasis (lung disease) which substantially limits his major life activities.

55. Plaintiff was not provided the same opportunity to compete for the available position as was afforded to other, similarly situated employees.

56. There is no evidence presented that Ms. Baker is disabled.

57. Ms. Baker, a similarly situated employee outside the membership of Plaintiff's protected class, was provided the advantageous employment opportunity denied to Plaintiff.

58. Defendant intentionally discriminated against Plaintiff because of his disability by denying him the opportunity to compete for the available position.

59. Defendant knew that its actions constituted unlawful discrimination on the basis of disability and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

60. Defendant's discrimination against Plaintiff was a violation of the ADA and Rehab Act.

## COUNT III: RETALIATION

61. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

62. As a result of Plaintiff's contact with Defendant's EEO office and the filing of several formal EEOC complaints of discrimination, he has suffered from Defendant's retaliatory adverse employment action by being denied the opportunity to fairly and legitimately compete for an employment position for which he was qualified.

63. The Agency's unlawful retaliation because of Mr. Lee's contact with the EEO office and the filing of his EEOC complaints was a violation of Title VII.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

A. Entry of judgment in favor of Plaintiff against Defendant;

B. Injunctive relief, including without limitation, an order instructing Defendant to grant Plaintiff's requested accommodation;

C. Compensatory damages in an amount to be determined at trial;

D.      Pre-judgment interest as may be allowed by law;

E.      Attorney's fees and costs; and

F.      Other such relief as may be appropriate under the ADA, Rehab Act, Title VII.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: September 18, 2018

                                                              Respectfully submitted,

                                                              /s/ Denise M. Clark
                                                              Denise M. Clark, Esq. (420480)
                                                              Clark Law Group, PLLC
                                                              1100 Connecticut Ave., N.W.
                                                              Suite 920
                                                              Washington, D.C. 20036
                                                              (202) 293-0015
                                                              dmclark@benefitcounsel.com